**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ADRIAN CASTELLANO LAGO,

Petitioner,

v.

Case No. 2:26-cv-02784-MIS-GBW

MARY DE ANDA-YBARRA, in her official capacity as Director of the El Paso Field Office, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations; MARKWAYNE MULLIN, in his official capacity as the Department of Homeland Security; TODD BLANCHE, in his official capacity as Attorney General of the United States; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; and WARDEN, Otero County Processing Center,

Respondents.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Adrian Castellano Lago's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Amended Petition"), ECF No. 4, filed September 1, 2026. Petitioner seeks release from immigration detention or a review of the legality of his custody. Respondents answered the Petition ("Response") on September 16, 2026. ECF No. 7. Petitioner replied on September 30, 2026. ECF No. 8. Having reviewed the Parties' submissions, the record, and the relevant law, the Court finds the Petition is not well taken and therefore DENIES the Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 4, as set forth below.

## I. Background

Petitioner is a citizen of Cuba who entered the United States on or around March 9, 2022. Pet. at ¶¶ 1-2. In November 2025, Immigration and Customs Enforcement ("ICE") took custody of Petitioner during a traffic stop and placed him in immigration and removal proceedings. Id. at ¶ 3. On January 23, 2026, Petitioner sought a bond redetermination, but his request was denied by the Immigration Judge who held that immigration judges lacked jurisdiction to conduct bond hearings pursuant to Matter of Yajure-Hurtado, 29 I&N 216 (BIA 2025) ("Hurtado"). On February 20, 2026, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Initial Petition") in Case No. 2:26-cv-00512-KWR-JFR ("Castellano Lago I"), ECF No. 2. In the Initial Petition, Petitioner asserted that his detention without an individualized bond determination violated his Fifth Amendment due process rights. Id. at ¶¶ 22-23. While the Initial Petition was pending, the Tenth Circuit decided Santillan-Quiroz. 180 F.4th 1226 (10th Cir. 2026). Shortly thereafter, Petitioner renewed his request for a bond hearing. Castellano Lago I, ECF No. 15 ("Motion for Expedited Ruling") at ¶5. An Immigration Judge held a bond hearing on July 14, 2026, and determined that Petitioner was a flight risk. Castellano Lago I, ECF No. 17 ("Order Denying Habeas Petition") at 2, 4. Petitioner then filed the Motion for Expedited Ruling, in which he argued that the bond hearing "failed to provide the meaningful individualized review required by due process." Mot. for Expedited Ruling at ¶ 5. In support, Petitioner argued the Immigration Judge: 1) engaged in a backward-looking flight risk analysis that did not comport with the factors set forth in Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006); 2) ignored evidence of Petitioner's eligibility for adjustment of status under the Cuban Adjustment Act; 3) did not consider his pending asylum claim and Convention Against Torture ("CAT") applications; and 4) did not evaluate his sponsors. See generally id. In addition, Petitioner argued the cumulative effect of these errors denied him due process. Id.

On August 7, 2026, Judge Riggs denied the Initial Petition, holding that: 1) Petitioner's request for a bond hearing was moot; 2) Petitioner was not entitled to relief under Zadvydas v. Davis, 533 U.S. 678 (2001) or 8 U.S.C. § 1231 because his removal order was not administratively final[1]; and 3) Petitioner's challenge to the bond hearing was not well taken and that the bond hearing was constitutionally adequate. See generally Order Denying Petition.

On August 31, 2026, Petitioner filed this complaint and filed an Amended Petition on September 1, 2026. ECF Nos. 1 and 4. Neither references Judge Riggs' ruling. Id. The Amended Petition raises five counts: I) Respondents violated the Immigration and Nationality Act ("INA") by subjecting him to the mandatory detention provision of Section 1225(b)(2); II-III) his detention without a pre-deprivation bond-hearing violated his procedural and substantive Fifth Amendment due process rights; IV) his July 2026 bond hearing did not provide him with due process because the Immigration Judge engaged in: a) flight risk analysis that was backward-looking; b) ignored evidence of Petitioner's eligibility for adjustment of status under the Cuban Adjustment Act; c) did not consider his pending asylum claim and Convention Against Torture ("CAT") applications; and d) did not evaluate his sponsors; Count IV also asserts the cumulative effect of these errors denied him due process; and V) ICE's practice set forth in Hurtado violates the Administrative Procedures Act.

## II. Legal Standard

"The habeas statute provides that a federal district court may entertain a habeas application by a person held 'in custody under or by color of the authority of the United States,' or 'in custody in violation of the Constitution or laws or treaties of the United States.'" Munaf v. Geren, 553 U.S.

[1] Judge Riggs did not consider an argument, as Petitioner did not raise it, that the holding of Zadvydas applies to prolonged detention prior to a final order of removal. Petitioner makes no such argument in this Petition either.

674, 685 (2008) (quoting 28 U.S.C. §§ 2241(c)(1), (3)). A petition for writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle for a noncitizen to challenge the legality of immigration detention. Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

The Tenth Circuit has squarely held that Section 2244's bar on second or successive petitions does not apply to 2241 petitions filed by alien detainees. Stanko v. Davis, 617 F.3d 1262, 1268 (10th Cir. 2010) (holding that because certain detainees, including alien detainees, "are not 'in custody pursuant to a judgment of a court of the United States,' § 2244(a) does not apply to them") (citing, inter alia, Rosales-Garcia v. Holland, 322 F.3d 386, 399 (6th Cir. 2003) (en banc) (holding § 2244(a) does not apply to a § 2241 petition by alien detainee)).

**III. Discussion**

Respondents argue that the Amended Petition does little more than ask the Court to reconsider Judge Riggs' August 7, 2026, Order. Resp. at 1-2. In the Reply, Petitioner argues that he does not relitigate the issues before Judge Riggs but instead raises "constitutional and legal challenges to the adequacy of the procedures employed during Petitioner's bond hearing." ECF 8 at 1.

First, the Court finds that Counts I-III and V assert claims based on Respondents initial classification of Petitioner as an arriving alien, pursuant to Hurtado, and thus subject to the mandatory detention provision of 8 U.S.C. § 1225(b). As Judge Riggs pointed out, the remedy for erroneous mandatory detention is a bond hearing, which Petitioner received. Castellano Lago I, Order Denying Habeas Pet. at pp. 2-3; see also Santillan Quiroz, 180 F. 4th at 1251 n.13. Thus, Petitioner has received the remedy to which he was entitled on those counts of the Amended Petition.

Regarding Count IV of the Amended Complaint, in which Petitioner argues that the bond hearing he was provided was not constitutionally adequate, he raises *identical* arguments (even the headings for the arguments are the same) as those he raised before Judge Riggs (and remarkably failed to mention in the Amended Petition that the Court had previously ruled on those arguments). Cf. Castellano Lago I, Motion for Expedited Ruling & Amended Petition. A Motion to Reconsider pursuant to Fed. R. Civ. P. 59(e), within 28 days after the entry of the final judgment, is generally the proper vehicle to request to reopen a case. See Smith-Thomas v. Judges & Ct. Offs., No. 24-CV-607 MIS/LF, 2025 WL 3642344, at *1 (D.N.M. Dec. 16, 2025) (collecting cases). Even if the Court were to construe the Amended Complaint as a properly raised Motion to Reconsider, which it is not, the Amended Petition fails to allege any grounds for the Court to grant reconsideration such as an intervening change in the law, newly discovered evidence, or a need to correct a clear error or prevent a manifest injustice. See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (noting motion for reconsideration not appropriate to revisit issues already addressed). Alternatively, Petitioner could have sought, from Judge Riggs, a certificate of appealability. See Dehghani v. Castro, No. 2:25-CV-00052-MIS-DLM, 2025 WL 3171255, at *2 (D.N.M. Nov. 13, 2025).

What Petitioner cannot do, however, is simply file an Amended Petition, asserting the same material facts and the same legal bases for habeas relief as he asserted in the Initial Petition that Judge Riggs has already reviewed. The Court declines Petitioner's unspoken invitation to sit as an appellate court over the final judgment of its peer. See Nayi v. Warden, Cibola Cnty. Corr. Ctr., No. 1:26-CV-01469-MIS-GJF, 2026 WL 1506711, at *2 (D.N.M. May 29, 2026) (rejecting second petition requesting review of previous determination regarding the constitutionality of immigrant's bond hearing).

Accordingly, it is **HEREBY ORDERED** that Petitioner Adrian Castellano Lago's Amended Petition for Writ of Habeas Corpus, ECF No. 4, is **DENIED**.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE